IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWANE ARTHUR MALLETT, | No. 2:23-CV-0394-DAD-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JOHN K. VINCENT, et al., | |
| Defendants. | |

      Plaintiff, a federal prisoner proceeding pro se, brings this civil rights action. Pending before the Court are Plaintiff's complaint, ECF No. 1, and Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2.

      In his complaint, Plaintiff names various federal prosecutors as defendants. See ECF No. 1. Plaintiff alleges constitutional violations during the course of federal criminal proceedings initiated in 2002. See id. These proceedings appear to be the basis of Plaintiff's current conviction, sentence, and ultimate incarceration at a federal penitentiary in Inez, Kentucky. See id. A review of Plaintiff's other filings in this Court reflects that Plaintiff has in previous action challenged his conviction and sentence by way of a motion filed under 28 U.S.C. § 2255, which has been denied, See  and that his conviction and sentence are the subjects of an appeal currently pending in the Ninth Circuit Court of Appeals.

/ / /

In essence, Plaintiff is attempting to use this civil rights action as an alternative means of challenging his federal conviction where a collateral challenge under § 2255 has already been rejected and an appeal of his underlying conviction remains pending.  As a general rule, and as with the more traditional situation of a case filed by a state prisoner, when a prisoner challenges the legality of his custody, as here, and success on the merits of the plaintiff's claim necessarily implies the invalidity of the underlying conviction, such a challenge is not cognizable in a civil rights action.  C.f. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (applying rule to civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983).

Here, Plaintiff's claims have been subject to judicial review in the context of his previous challenge under 28 U.S.C. § 2255, and Plaintiff's appeal of the underlying federal criminal conviction is pending in the appellate court.  Given this history, Plaintiff's civil rights claims as presented in the instant action cannot proceed and the case must be dismissed.

Based on the foregoing, the undersigned recommends as follows:

1. This action be DISMISSED for failure to state a claim.

2. Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2, be DENIED as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 23, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE