**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAWANE ARTHUR MALLETT, | No.  2:23-CV-0394-DAD-DMC-P |
| Plaintiff, | ORDER |
| v. | and |
| JOHN K. VINCENT, et al., | AMENDED FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff, a federal prisoner proceeding pro se, brings this civil rights action. Pending before the Court is Plaintiff's complaint.  See ECF No. 1.  On January 23, 2024, the undersigned issued findings and recommendations that this action be dismissed for failure to state a claim.  See ECF No. 7.  Plaintiff has filed objections.  See ECF No. 8. In light of Plaintiff's objections, as well as subsequent procedural history in Plaintiff's underlying federal criminal case, the Court will vacate the January 23, 2024, findings and recommendations and issue these amended findings and recommendations addressing the sufficiency of Plaintiff's complaint in this civil case.

/ / /

/ / /

/ / /

/ / /

1

## I. BACKGROUND

### A.    Plaintiff's Allegations

In his complaint, Plaintiff names various federal prosecutors as defendants. See ECF No. 1. Plaintiff alleges constitutional violations during the course of federal criminal proceedings initiated in 2002, United States v. Mallett, 2:02-cr-0416-TLN-AC. See id. These proceedings are the basis of Plaintiff's current conviction, sentence, and ultimate incarceration at a federal penitentiary in Inez, Kentucky. See id.

In Plaintiff's first claim, Plaintiff alleges violation of the Fifth Amendment right to procedural due process. See id. at 3. Plaintiff states that criminal charges were filed against him in 2002 for violation of 18 U.S.C. § 924(c). See id. Plaintiff was also charged with carrying a firearm while committing a crime. See id. Plaintiff has maintained that he is actually innocent. See id. According to Plaintiff, the Supreme Court has ruled that the residual clause of 18 U.S.C. § 924(c) is void. See id. Plaintiff concludes that his arrest and conviction are illegal. See id.

In his second claim, Plaintiff also alleges violation of procedural due process. See id. at 4. Plaintiff alleges that, as of 2022, Defendants Talbert and Abendroth "took on all past actions committed by each previous assigned U.S. Attorney and Assistant U.S. Attorney in relation to the prosecution of my criminal case. . . ." Id. Plaintiff accused these defendants of knowingly continuing to prosecute on a conviction issued in violation of the Fifth Amendment. See id. Plaintiff repeats that the Supreme Court has declared the residual clause of § 924(c) to be void. See id.

In his third claim, Plaintiff alleges violation of the "Exclusive Legislation Federal Enclave Clause" of the United States Constitution. Id. at 5. Plaintiff states that defendants filed a superseding indictment in the underlying criminal case on November 21, 2002. See id. Plaintiff states this superseding indictment added a number of aiding-and-abetting offenses and additional charges under § 924(c). See id. According to Plaintiff: "[T]he State of California, i.e., the Republic of California, has never legislated a (cession of exclusive legislation) to the United States in regards to the location of each alleged offense. . . ." Id. Plaintiff concludes that the superseding indictment is void because it represents a prosecution outside the jurisdiction of the

2

1    United States, in violation of the constitution.  See id.

2           B.      **Criminal Case**

3           The underlying criminal case referenced in Plaintiff's complaint was initiated in

4    2002.  See ECF No. 1 in United States v. Mallett, 2:02-cr-0416-TLN-AC (criminal case).  A first

5    superseding indictment was filed on November 21, 2002.  See ECF No. 13 in criminal case.  A

6    second superseding indictment was filed on July 30, 2003.  See ECF No. 113 in criminal case.  A

7    jury trial commenced on October 29, 2003, and a guilty verdict was filed on the docket on

8    November 10, 2003.  See ECF Nos. 229, 242 in criminal case.  Plaintiff was sentenced on

9    February 6, 2004.  See ECF No. 258 in criminal case.  A final judgment and commitment order

10   was issued on February 13, 2004.  See ECF No. 265 in criminal case.

11          Plaintiff appealed and, on March 11, 2005, the Ninth Circuit Court of Appeals

12   issued an order staying the appeal pending the outcome of a petition for rehearing in United

13   States v. Ameline, 2005 WL 350811 (9th Cir. 2005).  See ECF No. 297 in criminal case.  On

14   October 19, 2005, the Ninth Circuit remanded the matter to the District Court in light of the

15   Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005), and consistent with

16   the Ninth Circuit's en banc decision in United States v. Ameline, 409 F.3d 1073, 1084-85 (9th

17   Cir. 2005) (en banc).  See ECF No. 302 in criminal case.  Plaintiff was resentenced on November

18   30, 2005.  See ECF No. 306 in criminal case.  Plaintiff again appealed and the Ninth Circuit

19   affirmed on April 2, 2008.  See ECF No. 311 in criminal case.

20          Plaintiff then filed a post-conviction motion to vacate the sentence pursuant to 28

21   U.S.C. § 2255 on April 3, 2008.  See ECF No. 313 in criminal case.  On February 4, 2011, the

22   Court issued findings and recommendations that Petitioner's § 2255 motion be denied.  See ECF

23   No. 352 in criminal case.  The findings and recommendations were adopted in full by the District

24   Judge on March 11, 2011, and the Court declined to issue a certificate of appealability.  See ECF

25   No. 353 in criminal case.  The Ninth Circuit also denied a request for a certificate of

26   appealability.  See ECF No. 369 in criminal case.

27   / / /

28   / / /

Plaintiff filed a second post-conviction § 2255 motion to vacate on December 7, 2020.  See ECF No. 379 in criminal case.  On January 6, 2021, the District Judge denied the motion as second or successive.  See ECF No. 383 in criminal case.  Plaintiff appealed, see ECF No. 384 in criminal case, and on limited remand from the Ninth Circuit, see ECF No. 390 in criminal case, the District Judge declined to issue a certificate of appealability on May 3, 2021, see ECF No. 393 in criminal case.  On March 30, 2022, the Ninth Circuit denied a certificate of appealability.  See ECF Nos. 401 and 402 in criminal case.

On July 19, 2022, the Ninth Circuit granted Plaintiff leave to file a second or successive § 2255 motion in the District Court.  See ECF No. 408 in criminal case.  Plaintiff filed his successive § 2255 motion to vacate on September 6, 2022.  See ECF No. 413 in criminal case. On January 18, 2023, the Magistrate Judge issued findings and recommendations that Plaintiff's successive § 2255 motion be granted and that Plaintiff's convictions on counts two and four be vacated.  See ECF No. 418 in criminal case.  The findings and recommendations were adopted in full by the District Judge on February 23, 2023.  See ECF No. 423 in criminal case.  Plaintiff's sentence was modified in the same order and an amended criminal judgment was entered on February 24, 2023.  See ECF No. 424 in criminal case.

Plaintiff appealed the District Court's orders.  See ECF No. 425 in criminal case. While this latest appeal was pending, Plaintiff filed a pro se motion to reduce his sentence on February 9, 2024.  See ECF No. 437 in criminal case.  The District Judge has referred the motion to the Federal Defender for possible representation.  See ECF No. 438 in criminal case. Plaintiff's motion to reduce his sentence remains pending.  On March 4, 2024, the Ninth Circuit issued a memorandum decision affirming the District Judge's order granting Plaintiff's second § 2255 motion.  See ECF No. 439 in criminal case.

/ / /

/ / /

/ / /

/ / /

/ / /

## II. DISCUSSION

As explained in the January 23, 2024, findings and recommendations issued in this case, Plaintiff is attempting to use this civil rights action as an alternative means of challenging his federal conviction.  Each of the claims raised in this civil rights action challenges the fact of Plaintiff's current incarceration on constitutional grounds.  Plaintiff does not raise any claims related to the conditions of his federal confinement, nor does Plaintiff raise any claims which are unrelated to his underlying conviction, such a malicious prosecution.

This case does not present a familiar situation where a prisoner asserts civil tort claims which, if successful on the merits, would necessarily imply the invalidity of an underlying criminal conviction.  Rather, this case presents the situation of a civil action in which all the claims presented directly challenge an underlying criminal conviction on constitutional grounds.  As a general rule, challenges to the fact of an underlying criminal conviction are cognizable only on post-conviction collateral review, such as a habeas corpus petition for state prisoners and motions under 28 U.S.C. § 2255 for federal prisoners.  Cf. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  A civil rights action is appropriate for claims relating to the conditions of confinement.  Cf. Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985).

As outlined above, Plaintiff has had ample opportunity to litigate claims relating to his underlying conviction by way of direct appeal and various post-conviction collateral challenges under § 2255, the most recent of which was granted and resulted in resentencing.  Further, a motion to reduce Plaintiff's sentence is currently pending in the underling criminal case.  Given the authorities cited above and the procedural history of Plaintiff's criminal case, the Court finds that Plaintiff's claims in this civil action are not cognizable as they relate to the constitutionality of the Plaintiff's underling conviction and not the conditions of his federal confinement.

In his objections to the January 23, 2024, findings and recommendations, Plaintiff argues that he should be allowed to assert civil rights violations against the various prosecutors involved in his criminal case because he "won" his § 2255 motion.  See ECF No. 8, pg. 3.  This is not accurate.  While Plaintiff "won" in the sense that he obtained relief as to some, but not all,

charges and was resentenced to a reduced term, Plaintiff has not "won" in the sense that his entire conviction and sentence have been overturned or invalidated.  Moreover, even if Plaintiff had "won" by obtaining a reversal of his conviction, the claims he presents in this case are not civil tort claims.  Specifically, Plaintiff does not allege any elements of any civil tort against the prosecutors, such a malicious prosecution.  Instead, as set forth in the complaint in this case and in Plaintiff's objections, Plaintiff is arguing that, for various constitutional reasons, his underlying conviction violated his due process and other constitutional rights.

Finally, though Plaintiff is correct that a portion of § 924(c) has been ruled void, Plaintiff was also convicted on other counts.  Thus, the ruling as to § 924(c) does not completely vitiate his underlying conviction such that he is now free to pursue civil tort claims.  As shown by the docket in the criminal case, despite favorable rulings relating to § 924(c), Plaintiff remains convicted and sentenced to a term in federal prison.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

### III.  CONCLUSION

Based on the foregoing, the undersigned orders and recommends as follows:

1.      It is ORDERED that the findings and recommendations issued on January 23, 2024, are VACATED.

2.      It is RECOMMENDED that this action be DISMISSED for failure to state a claim.

3.      It is further RECOMMENDED that Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2, be DENIED as moot.

These amended findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these amended findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 14, 2024

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE